IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| PETER POE, *et al.*,<br><br>*Plaintiff-Appellants*,<br><br>v.<br><br>GENTNER DRUMMOND, in his official capacity as Attorney General of the State of Oklahoma, *et al.*,<br><br>*Defendants-Appellees*. | No. 23-5110 |

**PLAINTIFFS-APPELLANTS' CONSENT MOTION TO EXPEDITE
BRIEFING SCHEDULE AND ORAL ARGUMENT**

Pursuant to 28 U.S.C. § 1657(a), Federal Rule of Appellate Procedure 27, and 10th Cir. R. 27.5(A)(7), Plaintiffs-Appellants respectfully move the Court for expedited briefing and to set this matter for oral argument during the Court's January Session, scheduled for January 16-19, 2024. Defendants-Appellees consent to this motion. In support, Plaintiffs-Appellants state as follows:

1. This case involves Plaintiffs-Appellants' timely appeal of the District Court's October 5, 2023 Opinion and Order denying Plaintiffs' motion for a preliminary injunction to restrain Defendants and any successors to Defendants from enforcing during the pendency of this litigation any provision of Senate Bill 613 ("SB 613"), Okla. Stat. Ann. tit. 63 § 2607.1, enacted by the Oklahoma State

Legislature on April 27, 2023 and signed into law by Oklahoma Governor Stitt on May 1, 2023 (the "Health Care Ban"). *See* Dkt. Nos. 138 (Opinion and Order, attached as Exhibit B) and 140 (Notice of Appeal, attached as Exhibit C).

2. Plaintiffs-Appellants are transgender adolescents and their parents or guardians.[1] They are Peter Poe and his parents, Paula and Patrick Poe; Daphne Doe and her legal guardian and grandmother, Donna Doe; Brandon Boe and his parents, Benjamin and Bethany Boe; Lydia Loe and her mother, Lauren Loe; and Ryan Roe and his parents, Rachel and Richard Roe. *See* Dkt. No. 2 (Complaint, attached as Exhibit A).

3. The Health Care Ban prohibits the provision of safe, effective, and often lifesaving evidence-based medical care to transgender adolescents with gender dysphoria in Oklahoma, including Minor Plaintiffs, even when medically necessary.

4. Plaintiffs-Appellants have challenged the Health Care Ban under the Fourteenth Amendment's Equal Protection and Due Process Clauses. Plaintiffs-Appellants allege that the Health Care Ban violates the Equal Protection Clause of the Fourteenth Amendment because it discriminates against the Minor Plaintiffs based on sex and transgender status. *See* Dkt. No. 2 (Complaint). In addition, Plaintiffs-Appellants allege that the Health Care Ban violates the fundamental rights

---

[1] Since the filing of Plaintiffs' Complaint, the Medical Provider Plaintiff Dr. Shauna Lawlis has moved out of state, as Plaintiffs informed the district court. *See* Dkt. No. 118 at 5, n.3. Dr. Lawlis is thus not an appellant in this appeal.

2

of parents to seek and follow medical advice for their minor children protected by the Due Process Clause of the Fourteenth Amendment. *Id.*[2]

5. Given the grave and irreparable harms that the Health Care Ban imposes upon transgender adolescents and their families in Oklahoma, including Plaintiffs-Appellants, the Plaintiffs moved for a preliminary injunction and expedited consideration of their motion on May 2, 2023. *See* Dkt. No. 5.

6. The State Defendants requested an extension of time to respond to respond to Plaintiffs' motion for a preliminary injunction. Plaintiffs agreed to the request to extend the briefing schedule in exchange for the agreement of the State Defendants that "[t]he State Official Defendants, including their officers, employees, agents, and successors, as well as those persons in active concert or participation with them, will not enforce any provision of SB 613 in relation to conduct that occurs while Plaintiffs' Motion for Preliminary Injunction is pending before [the District] Court or otherwise enforce any provision of SB 613 during the pendency of Plaintiffs' Motion for Preliminary Injunction." Dkt. No. 41.

---

[2] In their complaint, Plaintiffs also asserted claims alleging that a policy adopted by OU Health and the University Hospitals Authority to no longer provide gender-affirming medical care in response to the adoption of a separate law ("SB 3") violates the Equal Protection Clause of the Fourteenth Amendment and Section 1557 of the Patient Protection and Affordable Care Act. Plaintiffs did not seek preliminary relief on these claims. Consequently, these claims are not at issue in the instant appeal.

7.    Until the district court's issuance of its October 5 Order, the Health Care Ban has not been in force in Oklahoma.

8.    Following the issuance of the district court's October 5 Order, however, the Ban went into effect.

9.    Because the Health Care Ban currently is in effect and Plaintiffs-Appellants face irreparable harm if enforcement of the Health Care Ban is not enjoined, Plaintiffs-Appellants respectfully request that the Court exercise its discretion to expedite the briefing schedule and set this matter for oral argument during the Court's January Session, scheduled for January 16-19, 2024.

10.   Under 28 U.S.C. § 1657(a), this Court "shall expedite the consideration of … any action for temporary or preliminary injunctive relief."  Because this appeal arises from Plaintiffs' motion for a preliminary injunction, expedited consideration is appropriate. *See Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1084 n.8 (D.C. Cir. 2001) ("[U]nder 28 U.S.C. § 1657(a), the granting or denying of a preliminary injunction is the basis for an expedited appeal[.]").

11.   Moreover, good cause exists for the Court to adopt an expedited briefing schedule.  Time is of the essence in this case.  Minor Plaintiffs stand to lose access to the medical care they depend on, as SB 613 prohibits them from continuing or starting any course of medical treatment for their gender dysphoria.

12. The denial of medically necessary health care constitutes irreparable harm warranting expeditious review of the district court's order denying preliminary relief. *See Planned Parenthood of Kansas v. Andersen*, 882 F.3d 1205, 1236 (10th Cir. 2018) (holding that a disruption or denial of patients' health care constitutes irreparable harm); *see also, e.g.*, *Brandt by & through Brandt v. Rutledge*, 47 F.4th 661, 671–72 (8th Cir. 2022) (affirming conclusion that "Plaintiffs will suffer irreparable harm" by being "denied access to hormone treatment (including needing to stop treatment already underway), undergo endogenous puberty—a process that cannot be reversed—and suffer heightened gender dysphoria"); *Planned Parenthood S. Atl. v. Baker*, 941 F.3d 687, 707 (4th Cir. 2019) (holding "diminished access to high-quality health care suited to the individual plaintiff's needs" constitutes irreparable harm"); *Edmunds v. Levine*, 417 F. Supp. 2d 1323, 1342 (S.D. Fla. 2006) ("The denial of medical benefits, and resultant loss of essential medical services, constitutes an irreparable harm to these individuals.").

13. This case also concerns important questions involving the constitutional rights of transgender adolescents and their families in Oklahoma, and the irreparable harm resulting from the denial of those rights, which warrants expedited briefing and oral argument. *See Awad v. Ziriax*, 670 F.3d 1111, 1131 (10th Cir. 2012).

14. No prejudice would result to the Defendants if the Court were to grant this motion. The State Defendants, the only parties who would be bound by the requested preliminary injunction at the heart of this appeal, and the OU Defendants have both consented to the requested relief.

15. Accordingly, Plaintiffs-Appellants respectfully request the Court to adopt the following schedule in this case:

| | |
|---|---|
| Appellants' Opening Brief: | November 9, 2023 |
| Joint Appendix: | November 9, 2023 |
| Appellees' Brief: | December 11, 2023 |
| Appellants' Reply Brief: | December 29, 2023 |
| Oral Argument: | January 16-19, 2024 |

16. Plaintiffs-Appellants have conferred via email for counsel for the State Defendants and the OU Defendants. As noted above, the State Defendants and the OU Defendants do not oppose the requested relief.

## CONCLUSION

For the foregoing reasons, Plaintiffs-Appellants respectfully move the Court to adopt an expedited briefing schedule and to set this matter for oral argument during the Court's January Session, to be held on January 16-19, 2024.

Dated this 11th day of October 2023.

Respectfully submitted,

*/s/ Omar Gonzalez-Pagan*
Omar Gonzalez-Pagan
    *Counsel of Record*
LAMBDA LEGAL DEFENSE
    AND EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, New York 10005
(646) 307-7406
ogonzalez-pagan@lambdalegal.org

*Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF COMPLIANCE

I certify that this motion is proportionately spaced, using Times New Roman, 14-point font. Based on a word count under Microsoft Word, the body of this motion contains 1,377 words.

*/s/ Omar Gonzalez-Pagan*
Omar Gonzalez-Pagan

*Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2023, I electronically filed the foregoing brief by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ Omar Gonzalez-Pagan*
Omar Gonzalez-Pagan

*Counsel for Plaintiffs-Appellants*