

April 30, 2024

**Via CM/ECF**

The Hon. Christopher M. Wolpert
Clerk of Court
U.S. Court of Appeals for the Tenth Circuit
Byron White Court House
1823 Stout Street
Denver, Colorado 80257

      Re:      Appellants' Notice of Supplemental Authority Pursuant to FRAP 28(j) in *Poe v. Drummond*, No. 23-5110

Dear Clerk Wolpert,

Pursuant to Federal Rule of Appellate Procedure 28(j), Plaintiffs-Appellants, by and through the undersigned counsel, inform the Court of subsequently decided authority and attach hereto as **Exhibit A** a copy of an opinion of the United States Court of Appeals for the Fourth Circuit sitting *en banc* in *Kadel v. Folwell*, No. 22-1721, and *Anderson v. Crouch*, No. 22-1927, on April 29, 2024.

In *Kadel* and *Anderson*, the Fourth Circuit held that categorical exclusions of coverage for gender-affirming medical care in the North Carolina State Health Plan and West Virginia Medicaid Program violate the Equal Protection Clause of the Fourteenth Amendment. *Id.* at 8-9.

The Fourth Circuit also held that the exclusions discriminate based on gender identity and sex and are therefore subject to intermediate scrutiny and that the



exclusions cannot meet that heightened standard. Slip. Op. at 23. The *Poe* Plaintiffs-Appellants argue the same here. *See* Opening Br. at 17-31.

In holding that intermediate scrutiny applies, the Court of Appeals rejected the argument that discrimination based on gender dysphoria is not discrimination based on sex or transgender status. To the contrary, the Fourth Circuit held "that gender dysphoria, a diagnosis inextricable from transgender status, is a proxy for transgender identity. And coverage exclusions that bar treatments for gender dysphoria bar treatments on the basis of transgender identity by proxy." Slip Op. at 37. Further, as *Poe* Plaintiffs-Appellants argue (Opening Br. at 31-34), the Court of Appeals held that "*Geduldig* [*v. Aeillo*, 417 U.S. 484 (1974),] is best understood as standing for the simple proposition that pregnancy is an insufficiently close proxy for sex" and that "[t]he same cannot be said for the inextricable categories of gender dysphoria and transgender status." *Id.* at 31.

Finally, twelve of the fourteen judges of the Fourth Circuit sitting *en banc* agreed with the *Poe* Plaintiffs-Appellants that the analysis of *Bostock v. Clayton County*, 590 U.S. 644 (2020), applies to equal protection claims under the Fourteenth Amendment. *See id.* at 44-45 (majority op.), and *id.* at 90-96 (Richardson, J., dissenting); Opening Br. at 18-19, 22-24.

Sincerely,

*/s/ Omar Gonzalez-Pagan*
Omar Gonzalez-Pagan
**Lambda Legal Defense and
   Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY 10005
Telephone: (212) 809-8585
Facsimile: (212) 658-9721
ogonzalez-pagan@lambdalegal.org

*Counsel for Plaintiff*

cc:   All counsel of record via CM/ECF

# CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the word limit set forth in Rule of Appellate Procedure 28(j) because the body of the letter contains no more than 350 words.

> */s/ Omar Gonzalez-Pagan*
> Omar Gonzalez-Pagan
> **Lambda Legal Defense and
> Education Fund, Inc.**
> 120 Wall Street, 19th Floor
> New York, NY 10005

# CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2024, I filed a true and correct copy of the foregoing with the Clerk of the United States Court of Appeals for the Tenth Circuit by using the appellate case filing CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

> */s/ Omar Gonzalez-Pagan*
> Omar Gonzalez-Pagan
> **Lambda Legal Defense and
> Education Fund, Inc.**
> 120 Wall Street, 19th Floor
> New York, NY 10005